**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 07-cr-60015-02** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **MONICA RENE BRUMFIELD** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner, Monica Rene Brumfield. [rec. doc. 77]. For the following reasons, the undersigned recommends that the Motion be **DENIED AND DISMISSED WITH PREJUDICE**. Because the undersigned is able to make this recommendation based on the record, Motion and transcripts, no evidentiary hearing is necessary.[1]

## BACKGROUND

Petitioner, was named in a five count indictment which charged petitioner in two of the five counts with conspiracy to commit Social Security fraud and making a false statement to a Government Agency. [rec doc. 2].

On February 28, 2008, petitioner pled guilty to count five of the indictment, to wit, making a false statement to a Government Agency, the Social Security Administration. [rec. docs. 39 and 40].

---

[1] No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir.1989).

On June 24, 2008, petitioner was sentenced to 60 months imprisonment. [rec. docs. 49, 50 and 58]. In the Pre-Sentence Investigation ("PSI"), petitioner's Guideline Range, based on a total offense level of 8 and a criminal history category of V, was determined to be 15 to 21 months imprisonment. At sentencing, the sentencing judge considered the following § 3553(a) factors: petitioner's extensive criminal history (including 10 convictions, two of which were felonies and several of which involved a significant propensity for violence – purse snatching causing personal injury to the victim, simple battery, disturbing the peace by fighting, and unauthorized entry into an inhabited dwelling); two incidents of criminal behavior while petitioner was out on bond, for which jail terms did not provide adequate deterrence of future criminal activity; petitioner's need for drug treatment and psychiatric and psychological counseling; the need to avoid sentencing disparities for similar situated defendants (co-defendant Londo); the need to protect the public; and the need to protect petitioner's children from exposure to criminal conduct. The arguments of counsel for the defendant requesting leniency were rejected. Petitioner was sentenced above the Guideline range to the statutory maximum of five years imprisonment. [rec. doc. 58, 50].

Petitioner's judgment of conviction and sentence were affirmed on direct appeal by the Fifth Circuit. The appellate court rejected petitioner's claim that her sentence was unreasonable, expressly finding that the Court's upward departure from the advisory Guidelines range was permissible and did not constitute plain error. The Court said:

> In selecting the sentence[], the district court appropriately considered the advisory sentencing guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Gall,* 128 S.Ct. 586, 596-597 (2007). The court found the 60 month sentence[] appropriate in the light of . . . Brumfield's personal and criminal histor[y, her] likelihood of recidivism, the need to promote respect for the law, the need to provide a deterrent to future criminal behavior, and the need to protect the public. *See, e.g. United States v. Smith*, 417 F.3d 483, 491-93 (5th Cir. 2005) (post-*Booker*, affirming a departure from a range of 33 to 41 months to a statutory maximum of 120 months on the basis that Smith was "a habitual criminal who has not been deterred by probation or parole, supervision, brief jail terms, or prison sentences").
>
> Finally, the 186% upward deviation in issue here, although substantial, is less than, or approximately equal to, other guideline departures and deviations affirmed in this circuit post-*Booker* and *post-Gall*. *See e.g. United States v. Mejia-Huerta*, 480 F.3d 713, 716-16, 723-24 (5th Cir. 2007) (affirming upward deviations of 140%, 134%, 344% and 122% from the advisory guideline ranges), *cert. denied*, 128 S.Ct. 2954 (2008).
>
> Accordingly, neither the district court's variance from the advisory guidelines range nor the extent of the variance constitutes plain error. *See Gall*, 128 S.Ct. at 596-597.

[rec. doc. 68].

In the instant motion to vacate, petitioner asserts a single claims for relief: that the Court abused its discretion in determining that the factors set forth in 18 U.S.C. § 3553(a) supported a substantial deviation from the guidelines range, improperly relying on her extensive criminal history which was already factored into the Pre-Sentence Investigation Report.

## LAW AND ANALYSIS

**I. Claims Properly Considered in this §2255 Motion/Scope of Review**

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides four grounds justifying relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

While this language appears broad, the scope of relief is actually narrow:

> Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted. *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, review of convictions under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

*United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.) *reh. denied* (1998).

An error of law does not provide a basis for *habeas* relief under § 2255 unless it constitutes "a fundamental defect" causing a "complete miscarriage of justice." *Brecht v. Abrahamson*, 507 U.S. 619, 634, fn.8, *reh. denied,* 508 U.S. 968 (1993) *quoting Hill v.*

*United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

**II. Sentencing Claim**

By this claim, petitioner challenges the Court's imposition of her sixty month sentence on grounds that the Court abused its discretion in determining that the factors set forth in 18 U.S.C. § 3553(a) supported the substantial upward departure from the Guidelines range. In effect, petitioner alleges that this Court improperly relied on petitioner's extensive criminal history which, she claims, was already factored into the PSI. In support of her Motion petitioner attaches what appears to be copies of pages of her appellate brief.

Claims which have been raised and considered on direct appeal cannot be considered in § 2255 motions and may, therefore, be dismissed without reconsideration on the merits. *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994) *citing United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Buckelew v. United States,* 575 F.2d 515, 517-518 (5th Cir. 1978); *White v. United States*, 2009 WL 129116, *2 (W.D. La. 2009); *United States v. Daniel*, 2007 WL 2668891, *2, 5-6 (W.D. La. 2007); *United States v. Stapelton*, 2006 WL 3899907, *2 (W.D. La. 2006). Further, the "law of the case" doctrine precludes re-litigation of issues which have already been decided. *United States v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996).

In this case, the United States Fifth Circuit Court of Appeals has already addressed and rejected petitioner's sentencing claim on direct appeal. Therefore, this claim may not

5

be raised and reconsidered in the context of the instant Motion. Accordingly, this claim should be dismissed without further consideration of the merits.

Based on the foregoing reasons, the undersigned recommends that Monica Rene Brumfield's § 2255 petition be **DENIED and DISMISSED WITH PREJUDICE.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed this 6th day of October, 2009, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE